

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
FEDERAL DEPOSIT INSURANCE CORP.,

      Plaintiff, **F I L E D**
      IN CLERK'S OFFICE
      U.S. DISTRICT COURT E.D.N.Y.

    - against -  ★  **JAN 24 2013**  ★

TROYDEN SARGEANT,  LONG ISLAND OFFICE
      Defendants.
-----------------------------------------------------------------X

**MEMORANDUM & ORDER**
09-CV-2704 (TCP) (WDW)

PLATT, District Judge.

   Before the Court is Plaintiff's Motion for Relief pursuant to Federal Rule of Civil Procedure 60(b)(1). ECF No. 19. The Court **DENIES** Plaintiff's motion.

**BACKGROUND**

**I.  The Court's Orders**

   In this Court's Order dated December 6, 2012, the Court laid out the straightforward facts behind the Court's adoption of Magistrate Judge William Wall's Report & Recommendation ("R&R") and the Court's dismissal of Plaintiff's case. *See* Order, ECF No. 17.

   Magistrate Judge Wall issued an Order for Written Status Report on March 20, 2012 (ECF No. 10); Plaintiff failed to comply with that order. On October 22, 2012—seven months after Magistrate Judge Wall's initial Order—Magistrate Judge Wall issued another Status Report Order (ECF No. 13) wherein he "expressly warned that 'failure to respond to this order within ten days will result in a [R&R] to the District Court Judge that the case be dismissed for failure to prosecute.' " R&R, ECF No. 14 at 1 (quoting Status Report Order). Plaintiff failed to comply with that order. Rather than only ten days, Magistrate Judge Wall waited twenty-four days before he issued his R&R on November 15, 2012.

1

Magistrate Judge Wall's R&R recommended this Court dismiss the case for the reasons stated above. *Id.* Pursuant to 28 U.S.C. § 631(b)(1), the R&R noted Plaintiff had fourteen (14) days to file an objection; Plaintiff did not file objections within that time period. As the Court stated in its Order, by failing to file a timely objection, Petitioner waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County,* 517 F.3d 601, 604 (2d Cir. 2008).

Rather than only fourteen days, this Court waited twenty-one days before the Court, on December 6, 2012, adopted Magistrate Judge Wall's R&R and dismissed Plaintiff's case. Also on December 6, but subsequent to the Court's execution of the Order, Plaintiff filed a Letter Motion for Extension of Time to File Status Report (ECF No. 15); the next day, Plaintiff filed a Motion for Leave to File Status Report (ECF No. 16).

## II. Plaintiff's Contentions

The reason for Plaintiff's request for relief is contained in an affidavit, filed with the present motion, of Joseph Muccia, Plaintiff's attorney. *See* ECF No. 19.

> Prior to March 2012, [former attorneys at Muccia's law firm] acted as [Plaintiff's] counsel of record in the action . . . . By letter dated March 15, 2012, I advised the Court that [those attorneys] had left our firm and should be removed as counsel of record []. Thereafter, the Court addressed electronic entries on the record to me as attorney in the firm's New York office. It was my understanding and belief, however, that other lawyers in the firm were handling any responses and filings due to the Court. That was incorrect. As a consequence, we did not become aware of Magistrate Judge Wall's Orders requiring [Plaintiff] to file a Status Report and that there was a lapse in failing to respond to those Orders.

Muccia Affidavit ¶ 5.

**DISCUSSION**

## I. Precedent

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for [] reasons [including] mistake, inadvertence, surprise, or excusable neglect [or] any other reason that justifies relief." Fed. R. Civ. Pro. 60(b)(1). "Rule 60(b) is designed to strike a balance between the interests of fairness and the finality of judgments; nevertheless, 'final judgments should not be lightly reopened.' " *Velez v. Vassallo*, 203 F.Supp.2d 312, 333 (S.D.N.Y. 2002) (citing, *e.g.*, *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)). "Relief under Rule 60(b) [] may be granted only in 'extraordinary circumstances.' " *United States v. Bank of N.Y.*, 14 F.3d 756, 759 (2d Cir. 1994) (citing, *e.g.*, *Ackermann v. United States*, 340 U.S. 193, 199-202 (1950)).

"The decision whether to grant a party's Rule 60(b) motion is committed to the sound discretion of the district court, and appellate review is confined to determining whether the district court abused that discretion." *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (citations and quotations omitted). "A district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *Lynch v. City of New York*, 589 F.3d 94, 99 (2d Cir. 2009) (internal citations and quotations omitted).

"Rule 60(b)(1) permits a court to vacate a judgment on the grounds of excusable neglect. However, where a party fails to act with diligence, he will be unable to demonstrate that his conduct constituted excusable neglect." *State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 177 (2d Cir. 2004) (citations and quotations omitted); *see also Dishmon v. Fucci*, 32 A.3d 338, 346 (Del. 2011) ("excusable neglect exists if the moving party has valid

reasons for the neglect—reasons showing that the neglect may have been the act of a reasonably prudent person under the circumstances . . . . [W]e also recognize that a mere showing of negligence or carelessness without a valid reason may be deemed insufficient.") (internal citations and quotations omitted).

## II.    Holding

Plaintiff fails to show how the incompetence of its legal representation qualifies as an "extraordinary circumstance." Counsel fails to show how he acted with any level of diligence in his role as attorney of record in this matter. Counsel does not dispute that he received all three of Magistrate Judge Wall's filings. Assuming, *arguendo*, counsel's representations are valid, the Court might understand, perhaps, counsel's non-response to the first Order for Status Report; perhaps, *arguendo*, the Court might understand even counsel's non-response to the second Order for Status Report. The Court fails to understand, however, how counsel failed to file a timely response to Magistrate Judge Wall's *third* filing (the R&R), which recommended his client's case be dismissed in its entirety. The Court can envision two explanations, both of which exhibit a lack of diligence: (i) counsel failed to read Magistrate Judge Wall's filings until December 5, 2012 or (ii) counsel read Magistrate Judge Wall's orders and counsel failed to act upon them. Either way, the Court does not consider counsel's actions to be excusable.

Counsel argues that he believed other attorneys at his firm were handling the case. *See* Muccia Aff. ¶ 5. The only attorneys listed on this case's docket are Mr. Muccia and the two attorneys whose departure from the firm spurred Mr. Muccia's March 15, 2012 letter to the Court. In that letter, Mr. Muccia did not identify another attorney to whom the Court should address filings. If counsel thought other attorneys were handling the case, counsel failed to alert the Court about them – another example of counsel's lack of diligence.

Finally, Plaintiff argues "Rule 60(b) allows a district court to relieve a party from a final judgment for any of several reasons, including 'excusable neglect,' or 'any other reason justifying relief.' " Pl.'s Mem. Supp. 2 (citing Fed. R. Civ. Pro. 60(b)(1), (6)). The Second Circuit holds, however, that "Rule 60(b)(1) and Rule 60(b)(6) are mutually exclusive, such that any conduct which generally falls under the former cannot stand as a ground for relief under the latter. Where a party's Rule 60(b) motion is premised on grounds fairly classified as mistake, inadvertence, or neglect, relief under Rule 60(b)(6) is foreclosed." *Stevens v. Miller*, 676 F.3d at 67 (internal citations and quotations omitted). Plaintiff premises its motion explicitly on Rule 60(b)(1); the Court does not address arguments, therefore, as to Rule 60(b)(6).

For the reasons set forth above, the Court **DENIES** Plaintiff's motion.

**SO ORDERED.**

Thomas C. Platt, U.S.D.J.

Dated: January 24, 2013
      Central Islip, New York